IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EDUARDO DEL RIO-GORDO**,

Plaintiff,

v.

**HOSPITAL RYDER MEMORIAL, INC., et al.**,

Defendants.

**Civil No**. 13-1145 (DRD)

## OPINION AND ORDER

Plaintiff Eduardo del Rio Gordo filed suit against Hospital Ryder Memorial, Inc., Ryder Home for the Elderly, Inc., and Ryder Management Services, Inc. (collectively "Defendants") alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3602, *et. seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, *et. seq.*; and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. *See* Docket No. 104. Pending before the Court are Defendants' *Motions to Dismiss* (Docket Nos. 113 and 134) and Plaintiff's *Responses in Opposition* to Defendants' *Motions to Dismiss* (Docket Nos. 116 and 144).  For the reasons provided below, the Court **DENIES** Defendants' *Motions to Dismiss*.

### FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Eduardo Del Rio-Gordo ("Plaintiff") is an elderly disabled man. He uses an electronic wheelchair for mobility as he suffers from hypertension, heart disease, carotid disease, degenerative joint disease, herniated discs, dysphagia, and focal epilepsy, among other conditions. Ryder Home is a federally-funded assisted living facility owned by Defendant Ryder Memorial Hospital, Inc. ("Ryder Hospital") and managed by Ryder Management Services, Inc. ("Ryder Management"). Plaintiff has lived at Ryder Home for the Elderly ("Ryder Home") since April of 2000.

From 2005 on, Plaintiff was purportedly subjected to discriminatory treatment by Ryder Home's staff. In his *Second Amended Complaint*, Plaintiff alleges several instances of staff mistreatment, the first of which occurred on April 20, 2005. Namely, Plaintiff has been assessed parking violations and reprimanded for parking his vehicle in a handicapped parking space, where he claims to be legally entitled to park, on five occasions. On April 20, 2011, Ryder Home's staff threatened to cancel Plaintiff's Federal housing benefits if he continued to park in the handicapped space.

On February 19, 2013, Plaintiff, appearing *pro se*, filed suit against Defendants Hospital Ryder, Ryder Management employee Sonia Rosa Sanchez, and Ryder Home. *See* Docket No. 1; *see also* Docket No. 11. On August 16, 2013, Plaintiff was appointed counsel and was granted leave to amend his complaint. *See* Docket Nos. 28 and 30. On December 2, 2013, Plaintiff filed an *Amended Complaint* against the same defendants. *See* Docket No. 43. However, on July 13, 2015, the Court appointed Plaintiff's third *pro bono* counsel and Plaintiff again requested leave to amend his complaint. *See* Docket No. 92. On February 28, 2016, with leave from the Court, Plaintiff filed his *Second Amended Complaint* (Docket No. 104) against Ryder Hospital, Ryder Home, and Ryder Management.[1]

On February 28, 2016, Defendant Ryder Hospital filed a *Motion to Dismiss* Plaintiff's Second Amended Complaint (Docket No. 113). Ryder Hospital adopted by reference its prior *Motion to Dismiss* (Docket No. 82) and averred that Plaintiff's complaint does not satisfy the plausibility requirements established in *Iqbal/Twombly*. Further, Ryder Hospital alleged Plaintiff's cause of action under Article 1802 is time-barred. On June 7, 2016, Defendants Ryder Home and Ryder Management filed their *Motion to Dismiss* Plaintiff's Second Amended Complaint (Docket No. 134) where they essentially parroted the grounds for relief stated by Ryder Hospital in its own *Motion to Dismiss*.

---

[1] Defendant Ryder Hospital filed a *Motion to Dismiss* Plaintiff's Amended Complaint (Docket No. 82); Plaintiff, through his current *pro bono* counsel, duly opposed Defendant Ryder Hospital's Motion (Docket No. 97); and Defendant Ryder Hospital filed a reply to Plaintiff's Response (Docket No. 99). However, once the Court granted Plaintiff's *Motion for Leave to Amend* his complaint (Docket No. 110), Defendant Ryder Hospital's *Motion to Dismiss* was deemed moot. *See* Docket No. 106.

On March 31, 2016 and September 13, 2016, Plaintiff filed his oppositions to Defendant Ryder Hospital's *Motion to Dismiss* and Defendants Ryder Home and Ryder Management's *Motion to Dismiss*, respectively (Docket Nos. 116 and 144). In both documents, Plaintiff dismissed the allegations that the facts alleged in the complaint did not state a plausible claim for relief. Plaintiff also opposed Defendants' allegation that his suit was time-barred as it was brought within the two-year statute of limitations for claims under the FHA.

## ANALYSIS

While dismissing Plaintiff's claims as nothing more than an "ill-disguised and timid effort to provide a mirage of substance where there is none," Defendants have failed even to provide a mirage of substance with regards to their arguments for dismissal.[2] "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . Judges are not expected to be mindreaders." *Willhauck v. Halpin*, 953 F.2d 689, 700 (1st Cir. 1991). Defendants, therefore, have an "obligation 'to spell out [their] arguments squarely and distinctly,' or else forever hold [their] peace." *Id*. (quoting *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990)). In their four filings addressing Plaintiff's claims (Docket Nos. 82, 99, 113, and 134), Defendants have yet to provide any indication of the proper standards under which to review Plaintiff's FHA, ADA, and Article 1802 claims. Defendants have similarly failed to provide the Court with the particular statute of limitations applicable to each of Plaintiff's claims and how the limitations period are to be computed and analyzed.[3] Therefore, Defendants have not fulfilled their obligation to present well-reasoned and supported arguments.

Defendant Ryder Hospital first moved for dismissal on April 27, 2015. *See* Docket No. 82. Plaintiff opposed Defendant Ryder Hospital's Motion (Docket No. 97) and Ryder Hospital replied to Plaintiff's

---

[2] The Court refers to the three named defendants collectively as Defendants primarily due to the fact that all four filings seeking dismissal of Plaintiff's suit were signed and filed by attorney Teresa Garcia-Moll.

[3] Defendants have only made mention of the one-year statute of limitations applicable to claims under Article 1802.

Opposition (Docket No. 99). In its motion, Ryder Hospital listed several documents Plaintiff attached to his original *pro se* complaint which Defendants allege are "dispositive" of Plaintiff's claims. *See* Docket No. 82 at 2. Nevertheless, Ryder Hospital fails to provide the claim-specific case law that supports that conclusion. Instead, Defendant Ryder Hospital limited its motion to restating the plausibility standards set forth in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)(a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions."); *see also Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Ryder Hospital then concluded Plaintiff has failed to satisfy those standards.

After Plaintiff filed his second *Amended Complaint*, all three Defendants moved for dismissal on practically identical grounds. *See* Docket No. 113 (Defendant Ryder Hospital's *Motion to Dismiss Second Amended Complaint*) and Docket No. 134 (Defendants Ryder Home and Ryder Management's *Motion to Dismiss Second Amended Complaint*). Defendants' motions were largely identical to Defendant Ryder Hospital's prior motion addressing Plaintiff's first Amended Complaint (Docket No. 82). Defendant Ryder Hospital adopted its prior filings and devoted three brief paragraphs to allegations that Plaintiff's complaint was insufficient without specifically addressing how each of Plaintiff's claims is insufficient as a matter of law. *See* Docket No. 113 at 1; *see also id.* at 3. In similar fashion, Defendants Ryder Home and Ryder Management averred Plaintiff's pleadings were contradicted by exhibits on the record, were time-barred, and "failed to go beyond . . . the pleading threshold of plausibility as enunciated in *Twombly-Iqbal*." Docket No. 134 at 6. However, Defendants did not provide any authority beyond *Iqbal* and *Twombly* to support their conclusions.

4

**CONCLUSION**

Although the Court concedes the merits of Plaintiff's FHA, ADA, and Article 1802 claims are questionable, Defendants have not placed the Court in a position to address plausibility of Plaintiff's claims. In order to properly analyze the plausibility of Plaintiff's claims, the Court must look to case law addressing FHA, ADA, and Article 1802 claims for guidance on the applicable standard. Notwithstanding, none of Defendants' filings contain case law specific to Plaintiff's claims, nor do they address the particular facts alleged by Plaintiff. Defendants would then have the Court research the applicable case law on their behalf and apply the law to the facts of the case, only to conclude that Plaintiff's *Second Amended Complaint*, in fact, meets the requisite plausibility standard. This is not the Court's function. Therefore, because "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," the Court need not go further. *Willhauck*, 953 F.2d at 700 (internal citations omitted). Accordingly, Defendants' *Motions to Dismiss* (Docket Nos. 113 and 134) are hereby **DENIED**.[4]

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 22nd day of September, 2016.

                          /S/ DANIEL R. DOMÍNGUEZ
                          DANIEL R. DOMÍNGUEZ
                          U.S. District Judge

---

[4] As Defendants have already had four bites of the apple, the Court will not authorize the filing of any more Motions to Dismiss under Fed. R. Civ. P. 12(b)(6).